ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------x
MIGUEL GOMEZ,

          Petitioner,

  - against -

UNITED STATES OF AMERICA,

          Respondent
----------------------------------------------x

*FILED*

2009 SEP 24 PM 9:49

CLERK
U.S. DISTRICT COURT
E.D.N.Y.
AFTER HOURS DROP BOX

CIVIL No.:
CRIM Docket #: 05-CR-879 (DLI).

IRIZARRY, J.

09-4368

**NOTICE OF MOTION**

SIRS:

PLEASE TAKE NOTICE, that the petitioner, MIGUEL GOMEZ, pro se, will move in the United States District Court for the Eastern District of New York, at 225 Cadman Plaza East, Brooklyn, New York 11201, before the Honorable Dora L. Irizarry, U.S. District Judge, on October 19, 2009, at 9:30 in the forenoon, or as soon thereafter as he may be heard, for an Order Vacating the Judgment of Conviction and Sentence, pursuant to 28 U.S.C.§2255, and for any other relief that the court deems just and proper.

Dated: September 24, 2009



RECEIVED
SEP 24 2009
PRO SE OFFICE

Respectfully submitted,

/s/
Miguel Gomez
Reg#: 37004-066
FCI Fort Dix
Satellite Camp
P.O. Box 2000
Fort Dix, NJ 08640

TO: CLERK OF THE COURT
    UNITED STATES DISTRICT COURT
    EASTERN DISTRICT OF NEW YORK
    225 CADMAN PLAZA EAST
    BROOKLYN, NEW YORK 11201

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
MIGUEL GOMEZ, :
              Petitioner, :    CIVIL No.
               :    CRIM Docket #: 05-CR-879 (DLI).
    - against - :
                :
UNITED STATES OF AMERICA, :
              Respondent :    **AFFIRMATION**
-----------------------------------------------x

        MIGUEL GOMEZ, does hereby affirm, pursuant to 28 U.S.C.§1746, the following:

        (1)    I am the petitioner in the above captioned case, and as such I am fully familiar with the facts and circumstances surrounding the previous criminal case. I make this affirmation in support of a motion to vacate, set aside, and/or correct the judgment of conviction and sentence, pursuant to 28 U.S.C.§2255.

        (2)    On October 27, 2005, after a brief investigation by federal agents with the Narcotics Division of Immigration and Customs Enforcement ("ICE"), the undersigned was arrested and charged in a criminal complaint with conspiring to possess with the intent to distribute heroin, in violation of 21 U.S.C.§846. Although the undersigned was arrested on October 27, 2005, see Complaint at 3 ¶4 (which states, "On October 27, 2005 ... Gomez subsequently took possession of the heroin, and agents thereafter placed him under arrest,) the complaint was not filed until October 29, 2005 – although the undersigned

remained in custody.

(3) On October 29, 2005, the undersigned made his first appearance before a judicial officer and was temporarily ordered detained. On November 1, 2005, the undersigned was released on bond.

(4) On November 28, 2005, an Indictment was returned by a Grand Jury sitting in the Eastern District of New York charging the undersigned and another with, inter alia, conspiring to possess with the intent to distribute heroin, in violation of 21 U.S.C.§846. Although the Indictment was returned some thirty-three (33) days after the undersigned's arrest, former defense counsel did not move to dismiss the Indictment on the grounds that the Indictment was not returned within the time allotted for such under the Speedy Trial Act pursuant to 18 U.S.C.§3161(b).

(5) On January 30, 2006, on the advice of counsel, the undersigned entered a plea of guilty to Count One of the Indictment. Prior to entering that plea, however, the undersigned was not advised by former counsel that he had a right to be Indicted within thirty (30) days of his arrest, and that the government had failed to do so. Further, counsel did not inform the undersigned that if counsel moved to dismiss the Indictment, based on the failure to return that Indictment within the time allotted by statute, the Court would be compelled to dismiss the Indictment. Needless to say, counsel did not independently move to dismiss the Indictment based on the failure to return same within the time allotted

under, 18 U.S.C. §3161(b).

(6) The undersigned respectfully submits that had counsel advised him that his right to a speedy Indictment under the Speedy Trial Act had been violated, he would have requested that counsel move to dismiss the Indictment, and he would not have entered a plea of guilty – even if the Indictment had been dismissed without prejudice. The undersigned further submits that his decision to enter a plea of guilty was done in haste, and without the benefit of a full and fair opportunity to consider his options. Notably, the undersigned was arrested at the end of October and entered his plea approximately three months later. It should also be noted that the undersigned made only a few brief appearances prior to entering of his guilty plea, and was essentially pressured into cooperating with law enforcement and entering a guilty plea within a relatively short period of time after his arrest. It is also noteworthy that the undersigned entered a plea of guilty only two months after being indicted, and had had been pressured by counsel to enter such a plea and cooperate with the government earlier.

(7) On November 8, 2007, the Court sentenced the undersigned to a term of 180 months imprisonment to be followed by a 10 year' period of supervised release. The undersigned is currently serving that sentence.

(8) Although the notice of appearance was filed pro se, the Court continued former counsel's representation. As such, a briefing schedule was

set by the court and counsel was subsequently substituted with new counsel was retained. New counsel was supposed to brief the direct appeal. However, by mandate issued September 25, 2008 the appeal was "dismissed due to appellant's failure to file the brief by the date specified in the scheduling order. See, Mandate of USCA dated September 25, 2008 (Docket Entry No 52). At no time did I instruct counsel not file an appellate brief, and it was my opinion that an appeal was being pursued.

(9)   The undersigned now moves this Court to vacate the Judgment of Conviction and sentence in this case on the grounds that the guilty plea tendered in this case was involuntary, and resulted from ineffective assistance of counsel, in violation of the Sixth Amendment of the United States Constitution. For this reason, the undersigned respectfully requests that his motion be granted.

Executed this 24th day of September, 2009

/s/
Miguel Gomez
Reg#: 37004-066
FCI Fort Dix
Satellite Camp
P.O. Box 2000
Fort Dix, NJ 08640

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------x
MIGUEL GOMEZ,                           :
            Petitioner,                 :       CIVIL No.
                                        :       CRIM Docket #: 05-CR-879 (DLI).
     - against -                        :
                                        :
UNITED STATES OF AMERICA,               :
            Respondent                  :
----------------------------------------------x
```

# MEMORANDUM OF LAW

**Miguel Gomez**
Reg#: 37004-066
FCI Fort Dix
Satellite Camp
P.O. Box 2000
Fort Dix, NJ 08640

## ARGUMENTS

### Point One

**TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHEN HE DID NOT MOVE TO DISMISS THE INDICTMENT PURSUANT TO 18 U.S.C §3161(b).**

The undersigned complains that he was denied effective assistance of counsel, and that the deprivation of his right to effective assistance of counsel rendered his guilty plea involuntary. In other words, the undersigned submits that had counsel's performance not been constitutionally deficient, he would not have entered a plea of guilty. Thus, the undersigned is entitled to relief from the Judgment, pursuant to 28 U.S.C. §2255.

The standard governing ineffective assistance of counsel is a familiar one, and the undersigned need not belabor that standard here. However to establish ineffective assistance of counsel, a petitioner must demonstrate that "his lawyer's performance 'fell below an objective standard of reasonableness' and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" United States v. Abad, 514 F.3d 271, 275 (2nd Cir. 2008) (quoting" Strickland v. Washington, 466 U.S. 668, 668, 104 S. Ct. 2052, 80 L.Ed.2nd 674 (1984)).

The Strickland test is a two prolong test and in order to succeed in a claim of ineffective assistance of counsel one needs to satisfy both the prolongs of the Strickland test. The undersigned will discuss this test below:

## (a) DEFICIENT PERFORMANCE.

The undersigned respectfully submits that counsel's performance was deficient in that he failed to move the District Court for the dismissal of the Indictment in this case (returned on November 28, 2005) since the Indictment was not returned within thirty (30) days as required by 18 U.S.C.§3161(b). As noted, the undersigned was arrested on October 27, 2005, and the deadline for returning the Indictment was, therefore, November 25, 2005. The return of an Indictment even one day late warranted dismissal thereof. However, counsel was required to file a motion for such relief, or no such relief would be granted.

Section 3161(b) provides that "[a]ny information or Indictment ... shall be filed within thirty days from the date on which such individual was arrested ... in connection with such charges..." 18 U.S.C.§3161(b). The date of the arrest (October 27, 2005) "commenced the thirty day period under section 3161(b).". United States v. Coleman, 170 F.Supp.2d 321, (N.D.N.Y. 2001).

18 U.S.C. §3162(a)(1) mandates dismissal of an Indictment where the government has failed to comply with the time limit established under §3161(b) and §3161(c)(1). Thus, had counsel moved to dismiss the Indictment on the grounds that it was untimely filed, in violation of the Speedy Trail Act, the motion would have been granted. Since petitioner had been held for two days without being brought before a judicial officer, there is a substantial likelihood that the dismissal of that Indictment would have been with prejudice. However, it matters

not whether the dismissal would have been with or without prejudice because, as set forth below, had the Indictment been dismissed, the undersigned would not have entered a plea of guilty.

On the record before the court, counsel's assistance can be deemed nothing other than constitutionally deficient, and the undersigned has substantiated his claim of deficient performance under the first part of the familiar Strickland test.

(b) **PREJUDICE.**

The undersigned entered a plea of guilty in this case without a full and fair opportunity to consider his option. Counsel essentially pressured the undersigned into both cooperation with the government and entering a plea of guilty. Counsel had impressed upon the undersigned the significance of promptly entering a guilty plea in order to maximize the benefit from the government. However, had counsel simply moved to dismiss the Indictment, the motion would have been granted, and the undersigned would not have entered a plea of guilty. Counsel's failure to do deprived petitioner of effective assistance of counsel, and rendered his guilty plea involuntary. In light of the forgoing, the Judgment of Conviction and sentence should be vacated.

Point Two

## APPELLATE COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHEN SHE FAILED TO FILE A BRIEF

A timely notice of appeal was filed in the case at bar pro se, however, the court continued trial counsel on the appeal. Ultimately new counsel, Uzmah Saghir, was retained and she was responsible for perfecting the appeal. However, Mrs. Saghir failed to comply with the order of the court and her shortcomings resulted in the dismissal of the appeal for failure to file a timely brief, and the effective loss of my right of appeal rights.

In Garcia v. United States, 278 F.3d 134 (2nd Cir. 2002), the petitioner in a §2255 proceedings claimed that he had requested his attorney to file a notice of appeal after the sentence, but that attorney refused to do so, (278 F.3d at 136), the court observed that an attorney's failure to file a requested appeal constitutes an independent ground for habeas relief. 278 F.3d at 137 (citing Roe v. Flores-Ortega, 528 U.S. 4/0, 484, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2001). On the question of the remedy for such a violation, the Court emphatically stated that:

> If a petitioner has successfully shown that the petitioner was denied the right to appeal, the proper remedy is to vacate the sentence and remand for resentencing.

Garcia, 278 F.3d at 137 (citing Rodriguez v. United States, 395 U.S. 327, 332, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969).

The undersigned has communicated with Mrs. Saghir, and she has admitted to him that it was her shortcomings, due to her personal reasons, that led to the dismissal of the appeal in the case. Since Mrs. Saghir admits that her ineffectiveness resulted in the denial of petitioner's right to appeal, this Court

should vacate the sentence and remand this matter for resentencing, in compliance with the holding in <u>Garcia</u>, supra.

WHEREFORE, for all the reasons stated, the Judgment of Conviction should promptly be vacated, and/or the Court should promptly schedule this matter for an evidentiary hearing, in the interested of justice and to prevent a complete miscarriage thereof.

_____
Miguel Gomez
Reg#: 37004-066
FCI Fort Dix
Satellite Camp
P.O. Box 2000
Fort Dix, NJ 08640
