```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
MIGUEL GOMEZ,                               :
                                            :
                       Petitioner,          :
                                            :           MEMORANDUM AND ORDER
              -against-                     :           09-CV-4368 (DLI)
                                            :
UNITED STATES OF AMERICA,                   :
                                            :
                       Respondent.          :
                                            :
----------------------------------------------------------- x
```

**DORA L. IRIZARRY, U.S. District Judge:**

By motion dated September 24, 2009, petitioner Miguel Gomez ("Petitioner") moves to vacate, set aside, or correct his judgment of conviction and sentence pursuant to 28 U.S.C. § 2255 on the grounds that he was denied effective assistance of counsel at the trial and appellate level.[1] (*See generally* Pet'r's Mem. of Law ("Pet'r's Mem."), Docket Entry No. 1.) The government concedes Petitioner was denied effective assistance of appellate counsel, but argues that Petitioner was not denied effective assistance of trial counsel. (*See generally* Gov't Opp'n to Pet'r's Mot. ("Gov't Opp'n"), Docket Entry No. 8; Supplemental Gov't Opp'n to Pet'r's Mot. ("Supplemental Gov't Opp'n"), Docket Entry No. 14.) For the reasons set forth below, Petitioner's motion is granted to the extent that the Court finds that Petitioner was denied effective assistance of appellate counsel, and denied to the extent that the Court finds Petitioner

---

[1] Petitioner's initial motion papers were filed *pro se*. (Docket Entry No. 1.) On July 24, 2012, the Court appointed Mark S. DeMarco to represent Petitioner pursuant to the Criminal Justice Act. Thereafter, on October 10, 2012, Mr. DeMarco filed a reply letter to supplement Petitioner's motion and respond to the government's submissions. (Pet'r's Reply, Docket Entry No. 17.) Nonetheless, the court is mindful that *pro se* submissions, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the court interprets Petitioner's *pro se* submissions "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

was not denied effective assistance of trial counsel.

**I.      Background**

Petitioner's conviction arose from his participation in the importation of heroin from Venezuela in October 2005.  On October 27, 2005, Petitioner was arrested in connection with the importation.  (Pet'r's Mem. at 2; Supplemental Gov't Opp'n at 2.)  According to the government, after Petitioner was placed under arrest and given *Miranda* warnings, Petitioner made a full confession as to his involvement in an international narcotics trafficking ring.  (Supplemental Gov't Opp'n at 2.)  On October 29, 2005, a Complaint was filed in this district charging Petitioner with conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. § 846.  (Complaint, Criminal Docket No. 05-cr-00879, Docket Entry No. 1.)[2]  On November 28, 2005, Petitioner was indicted for:  (i) conspiracy to import one kilogram or more of heroin into the United States in violation of 21 U.S.C. § 963; (ii) importation of one kilogram or more of heroin into the United States in violation of 21 U.S.C. § 960; (iii) conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846; and (iv) possession with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 841(a)(1).  (Indictment, No. 05-cr-00879, Docket Entry No. 11.)

On May 24, 2006, under oath and represented by counsel, Petitioner pled guilty to Count One of the Indictment, conspiracy to import one kilogram or more of heroin into the United States.  (May 24, 2006 Transcript of Sealed Proceedings, No. 05-cr-00879.)  During the plea hearing, Petitioner confirmed that he had an opportunity to discuss the case and the Indictment with counsel.  (*Id.* at 10.)  When asked if he was fully satisfied with the representation and advice given to him by counsel, Petitioner responded affirmatively.  (*Id.* at 10.)  The Court also

---

[2] All references to "No. 05-cr-00879" are to the criminal case docket underlying the instant habeas petition.

informed Petitioner that, even if he was guilty, Petitioner did not have to plead guilty and that "it [was] up to [Petitioner] to decide what to do, not [his] lawyer or anyone else." (*Id.* at 11.) Petitioner indicated that he understood. (*Id.*) When asked by the Court if he was pleading guilty voluntary and of his own free will, Petitioner responded affirmatively. (*Id.* at 22.) When asked by the Court if anyone had threatened or forced him to plead guilty, Petitioner stated that no one had done so. (*Id.* at 22.) When asked by the Court to describe in his "own words" what he did in connection with the acts alleged in Count One of the Indictment, Petitioner admitted that he had agreed with another person to pick up luggage containing heroin in Queens, New York, and that he knew the heroin had come into the United States from another country. (*Id.* at 23-24.) Based on Petitioner's responses, the Court accepted Petitioner's guilty plea, finding that: (1) Petitioner was acting voluntarily; (2) he understood his rights and the consequences of his plea; and (3) there was a factual basis for the plea. (*Id.* at 24.) On November 8, 2007, Petitioner was sentenced to 180 months of incarceration, and ten (10) years of supervised release with the special conditions that Petitioner not possess a firearm, ammunition, or destructive device, and a special assessment of $100 was imposed. (Minute Entry, No. 05-cr-00879, Docket Entry No. 43.)

On November 16, 2007, Petitioner, proceeding *pro se*, even though he was represented by counsel, timely filed a notice of appeal. (No. 05-cr-00879, Docket Entry No. 47.) Petitioner's trial counsel, Randy Kornfeld, Esq. ("Kornfeld"), initially represented Petitioner on appeal. The Second Circuit Court of Appeals ("Second Circuit") granted Kornfeld two extensions of time to file Petitioner's brief, with a final filing deadline of April 11, 2008. (No. 07-5163-cr (2d Cir.), Docket Entries 1/18/08, 3/19/08.) Kornfeld did not file a brief for Petitioner. On May 7, 2008, Petitioner moved to substitute Uzmah Saghir, Esq. ("Saghir") as his

appellate counsel and, on May 15, 2008, the Second Circuit granted the motion. (*Id.*, Docket Entry 5/15/08.) While the deadline for filing Petitioner's brief had passed, Saghir failed to make an application to the Second Circuit for a revised briefing schedule. Accordingly, on August 7, 2008, the Second Circuit issued an order to show cause, returnable by August 21, 2008, why the appeal should not be dismissed for failure to comply with the court's scheduling order. (*Id.*, Docket Entry No. 8/07/08.) Saghir failed to respond to the order to show cause and, on September 25, 2008, the court dismissed Petitioner's appeal because of Saghir's procedural default. (*Id.*, Docket Entry No. 9/25/08.)

In October 2008, shortly after Petitioner's appeal was dismissed, an incarcerated inmate that had retained Saghir wrote the district judge assigned to his criminal matter and complained that Saghir had engaged in unprofessional conduct. *See In re Saghir*, 2009 WL 4437951, at *1 (S.D.N.Y. Nov. 30, 2009). The matter was referred to the Committee on Grievances for the United States District Court for the Southern District of New York (the "SDNY Committee") and, on December 1, 2008, the SDNY Committee directed Saghir to show cause why she should not be censured, suspended, or have her name stricken from the roll of attorneys admitted to practice in the United States District Court for the Southern District of New York (the "Southern District"). *Id.* at *1-2. On September 9, 2009, Saghir sent the SDNY Committee a letter stating she had resigned from the bar of the Second Circuit and that she would withdraw from the bar of the Southern District, effective immediately. *Id.* at *3. On the same day, Saghir also submitted a letter of resignation to the bar of the United States District Court for the Eastern District of New York (the "Eastern District"). *Id.* On September 17, 2009, Saghir's name was stricken from the roll of attorneys admitted to practice before the Eastern District. (Order, *In re Saghir*, 09-mc-00242, Docket Entry No. 14.)

On November 30, 2009, following an investigation of Saghir's misconduct, the SDNY Committee removed Saghir from the bar of that court. *In re Saghir*, 2009 WL 4437951, at *13. The Second Circuit also disbarred Saghir, pursuant to its reciprocal discipline rule.[3] *In re Saghir*, 595 F.3d 472 (2d Cir. 2010). The Second Circuit stated that "a review of Saghir's cases in this Court suggests a pattern of late and defective filings . . . [including] at least four of Saghir's cases [that] have been dismissed due to her failure to file briefs." *Id.* at 475. Significantly, Petitioner's direct appeal is one of the four cases the Second Circuit noted had been dismissed because of Saghir's failure to file a brief. *Id.* at 476.

## II. Discussion

The court must evaluate Petitioner's claim of ineffective assistance of counsel under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Petitioner "must show that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." *Id.* at 687-88. Second, Petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of a guilty plea, the second part of the *Strickland* test is satisfied upon a showing by the defendant "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

### A. Ineffective Assistance of Appellate Counsel

Petitioner contends he was denied effective assistance of appellate counsel when Saghir failed to file an appellate brief on his behalf, which caused his appeal to be dismissed and

---

[3] Saghir also was disbarred from practicing law in the State of New York on May 24, 2011, based upon the SDNY Committee's disbarment order. *In re Saghir*, 86 A.D.3d 121 (2d Dep't 2011).

resulted in the effective loss of his right to appeal. (Pet'r's Mem. at 4.) This Court concurs with the concession made by the government that Petitioner was denied effective assistance of appellate counsel and with the Second Circuit's finding that Saghir engaged in a pattern of defective and late filings on appeal. Furthermore, this Court's own independent analysis of the facts and circumstances here, in the context of the applicable case law, leads to no other conclusion but that Petitioner was denied effective assistance of appellate counsel. Saghir's failure to file a brief on Petitioner's behalf, despite Petitioner having retained her to represent him on appeal, and despite the Second Circuit's issuance of an order to show cause that gave her an opportunity to correct her error, falls below an objective standard of reasonableness in violation of the first prong of *Strickland*. *See Garcia v. United States*, 278 F.3d 134, 137 (2d Cir. 2002) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)) ("A lawyer who disregards a defendant's specific instructions to file an appeal acts in a manner that is professionally unreasonable."). Moreover, regardless of the merits of Petitioner's appeal, Petitioner has shown prejudice as contemplated by *Strickland* because Saghir's actions resulted in Petitioner's appeal being dismissed. *McHale v. United States*, 175 F.3d 115, 119 (2d Cir. 1999) (citing *Rodriquez v. United States*, 395 U.S. 327, 330 (1969)) (holding that petitioner need not show likelihood of success on appeal to show prejudice because, regardless of merits, he has been deprived of right to direct appeal). Finally, and most notably, the government concedes that Petitioner received ineffective assistance of appellate counsel. (*See* Gov't Opp'n at 2.) Accordingly, a violation of Petitioner's Sixth Amendment right to effective assistance of appellate counsel has been established. *See McHale*, 175 F.3d at 117, 119.

In *McHale*, the Second Circuit set forth the remedy to be applied when a petitioner has been denied effective assistance of counsel because of a failure to perfect a timely filed appeal,

concluding that, "where ineffectiveness is shown or conceded . . . the appropriate remedy where a notice of appeal was filed is for this Court to reinstate the direct appeal from the conviction and permit that appeal to proceed in the normal course." *McHale*, 175 F.3d at 117. Petitioner's counsel is therefore instructed to move the Second Circuit to recall its mandate and reinstate Petitioner's appeal. *See id.* at 120 ("[R]ecalling the mandate and reinstating the appeal is preferable to remanding for resentencing or even entry of a new judgment that might not be considered a formal resentencing.").

> B. *Ineffective Assistance of Trial Counsel*
>
> > a. Failure to Move to Dismiss the Indictment

Petitioner also argues that his trial counsel was ineffective because he failed to move to dismiss the Indictment pursuant to the Speedy Trial Act on the ground that the Indictment had been filed more than thirty days after Petitioner's arrest. (Pet'r's Mem. at 2.) According to Petitioner, counsel advised him to enter a guilty plea, but did not advise him that the Indictment was not filed within thirty days as required by 18 U.S.C. § 3161(b). (*Id.* at 2-3.) Petitioner contends that, had counsel moved to dismiss the Indictment, the motion would have been granted and Petitioner would not have pled guilty. (*Id.*)

Petitioner's ineffective assistance claim is without merit. Pursuant to section 3161(b) of the Speedy Trial Act, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). However, section 3162(a)(1) of the Speedy Trial Act, which provides the appropriate sanctions for such violations and has limited application, states that "such charge against that individual contained *in such complaint* shall be dismissed or otherwise dropped." 18 U.S.C. 3162(a)(1)

7

(emphasis added).  Accordingly, where a complaint remains pending, "courts will not dismiss an untimely indictment pursuant to § 3162(a)(1) if it pleads different charges from those in the complaint, and this applies even if the indictment charges 'arise from the same criminal episode as those specified in the original complaint or were known or reasonably should have been known at the time of the complaint.'"  *United States v. Gaskin*, 364 F.3d 438, 451 (2d Cir. 2004) (quoting *United States v. Napolitano*, 761 F.2d 135, 137 (2d Cir. 1985)).

Here, although the Complaint charged Petitioner with conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846, the Indictment charged Petitioner with that offense and three additional offenses:  conspiracy to import one kilogram or more of heroin in violation of 21 U.S.C. § 963, importation of one kilogram or more of heroin in violation of 21 U.S.C. § 960, and distribution and possession with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 841(a)(1).  Thus, the filing of a motion of dismiss would not have resulted in dismissal of the Indictment or dismissal of the conspiracy offense to which Petitioner pled guilty.  Under these circumstances, counsel's failure to file a motion to dismiss does not fall below an objective standard of reasonableness.  *See United States v. Manzo-Andrade*, 205 F.3d 1326 (2d Cir. 2000) (finding counsel's failure to move to dismiss superseding indictment filed more than thirty days after arrest to be "objectively reasonable" where arrest affidavit charged petitioner with narcotics crimes, but appellant pled guilty to money laundering offense); *Rogers v. United States*, 2012 WL 225805, at *3 (S.D.N.Y. Jan. 11, 2012) (holding that counsel's failure to argue for dismissal of indictment filed more than thirty days after petitioner's arrest "falls well within the range of reasonable professional assistance").

Petitioner's assertion that he would not have pled guilty and would have insisted on going

to trial appears to be based entirely on Petitioner's unfounded assumption that a motion to dismiss would have resulted in dismissal of the Indictment. (*See* Pet'r's Mem. at 3 ("[H]ad counsel simply moved to dismiss the Indictment, the motion would have been granted, and [Petitioner] would not have entered a plea of guilty").) Additionally, Petitioner does not argue that the government would not have been able to convict him if he had proceeded to trial, and Petitioner does not deny that he is guilty of the narcotics crime to which he plead guilty. *See Taylor v. United States*, 2004 WL 1857574, at *2 (S.D.N.Y. Aug. 18, 2004) (finding petitioner failed to establish deficient conduct or prejudice where "[petitioner] d[id] not deny that he was guilty of the crime to which he pleaded guilty or argue that the Government would not have been able to convict him at trial if he had not entered a plea of guilty"). Accordingly, Petitioner also fails to meet his burden under the prejudice prong of *Strickland*.

      b. <u>Voluntariness of Guilty Plea</u>

Petitioner's final claim of ineffective assistance—that counsel "pressur[ed] [Petitioner] into both cooperation with the government and entering a plea of guilty"—also must fail. (Pet'r's Mem. at 3.) Petitioner's suggestion that his guilty plea was involuntary due to pressure from counsel is meritless given that Petitioner stated under oath during his plea allocution, among other things, that: (1) he had an opportunity to discuss the case with counsel; (2) he was fully satisfied with the representation and advice given to him by counsel; (3) no one had threatened or forced him to plead guilty; and (4) his decision to plead guilty was voluntary and of his own free will. *See United States v. Gonzalez*, 647 F.3d 41, 56-57 (2d Cir. 2011) (noting that in the context of determining the voluntariness of a plea, "[a] defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw [the] guilty plea") (citations and internal quotation marks omitted); *United States v. Torres*, 129 F.3d

9

710, 715 (2d Cir. 1997) (rejecting appellant's claim that his attorney coerced him into accepting a guilty plea as "statements at a plea allocation carry a strong presumption of veracity" and "his unequivocal admissions under oath contradict his unsupported assertions of pressure"); *Savinon v. Sears*, 2011 WL 6979974, at *4 (S.D.N.Y. Dec. 08, 2011), *adopted*, 2012 WL 77848 (S.D.N.Y. Jan. 10, 2012) (rejecting petitioner's allegation in habeas proceeding that he was pressured to plead guilty where "[p]etitioner's allegation that he was unduly pressured to plead guilty was inconsistent with his own statements during the plea allocution").

### III. Conclusion

For the foregoing reasons, the petition for relief pursuant to 28 U.S.C. § 2255 is granted in part and denied in part. The Court finds Petitioner was denied effective assistance of appellate counsel. Accordingly, Petitioner's counsel is directed to move the Second Circuit Court of Appeals to recall its mandate and reinstate Petitioner's appeal. The petition is denied as to Petitioner's claim of ineffective assistance of trial counsel.

SO ORDERED.

Dated: Brooklyn, New York
      March 26, 2013

_____/s/_____
DORA L. IRIZARRY
United States District Judge